### Rose Wachtel v. William Campbell et al.

INSOLVENCY—TRANSFER TO PAY GAMBLING DEBT—RECOVERY BY ASSIGNEE.

A transfer of life insurance in payment of a debt arising out of transactions in stock on margins is void at common law and under the statutes of Ohio and can be set aside at the suit of the assignee for the benefit of creditors; a proceeding under Sec. 6344, Rev. Stat., by a creditor is not necessary.

Wachtel v. Campbell.

HEARD ON ERROR.

*H. P. Kaufman*, for plaintiff in error.

*Adolph L. Brown* and *Frank Seinsheimer*, for defendants in .error.

The plaintiff sued for the benefit of herself and other creditors to set aside the transfer of certain life insurance by Joseph Wachtel to secure the payment of a note for $6,000, which said Wachtel had executed in payment of a debt arising out of marginal transactions.

JELKE, J.

These are not cases involving actual or constructive fraud, where the transfer is good as against the grantor, but voidable at the suit of the creditor.

The transfer under consideration in these cases was absolutely void at all times and between all parties, both at common law and under our statutes, resting upon a gambling consideration, which in law is no consideration. It is not true as contended by counsel for Rosa Wachtel that at common law where such a transaction was executed the title was permitted to remain in the transferee. The transferrer being out of possession, was in such cases *in pari delicto* with the transferee and could obtain no standing in court. That does not mean that such a transfer had any legal attributes or that there was any recognition of title having changed.

The assignee, as the representative of all creditors, including Rose Wachtel, succeeded to all the property rights of Joseph Wachtel without incurring any of his personal odium or disability. Therefore, on November 27, 1894, title to the property represented by these policies of insurance passed to Seinsheimer, assignee. An action under Sec. 6344, Rev. Stat., by a creditor is not necessary. An action by the assignee to compel Campbell to surrender these policies is proper.

We approve the opinion of the court of common pleas (Hollister, J.) in Wachtel v. Campbell, 9 Dec., 572 [7 N. P., 507].

Judgment affirmed.